**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Andrew M. Sussman (SBN 112418)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050
jal@gauntlettlaw.com
ams@gauntlettlaw.com

Attorneys for Defendant and Counterclaimant
Michael Taylor Designs, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

IVY ROSEQUIST, individually and doing business as WICKER-WICKER-WICKER,

Plaintiff,

vs.

MICHAEL TAYLOR DESIGNS, INC., a California corporation,

Defendant.

---

MICHAEL TAYLOR DESIGNS, INC., a California corporation,

Counterclaimant,

vs.

IVY ROSEQUIST, individually and doing business as WICKER-WICKER-WICKER,

Counterdefendant.

---

Case No.: CV 08-1588 SBA

**ANSWER OF DEFENDANT MICHAEL TAYLOR DESIGNS, INC. TO COMPLAINT; COUNTERCLAIM; DEMAND FOR TRIAL BY JURY**

Answering the Complaint filed by Plaintiff Ivy Rosequist, individually and doing business as Wicker-Wicker-Wicker ("Plaintiff"), Defendant Michael Taylor Designs, Inc. ("MTD") alleges:

**I.**

**Summary of Lawsuit**

1. MTD admits the allegations in the first sentence of Paragraph 1 of the Complaint. MTD admits the allegations of the second sentence of Paragraph 1 of the Complaint, except that MTD is without sufficient information and belief to enable it to respond to the allegations about the number of separate furniture pieces in Plaintiff's line of furniture and therefore denies them. MTD denies the allegations of the third sentence of Paragraph 1 of the Complaint. MTD admits that in March 2008 it removed some of Plaintiff's floor samples from its Los Angeles showroom and denies the other allegations of the fourth sentence of Paragraph 1 of the Complaint. MTD denies the allegations of the fifth sentence of Paragraph 1 of the Complaint.

**II.**

**The Parties**

2. MTD admits the allegations of Paragraphs 2 and 3 of the Complaint.

**III.**

**Jurisdiction and Venue**

3. MTD admits the allegations of Paragraph 4 of the Complaint.

**IV.**

**Factual Background**

4. Answering Paragraph 5 of the Complaint, MTD denies that in 1970 Michael Taylor was an "up and coming" designer and alleges that by then Mr. Taylor was a well-established, world famous designer. MTD is without sufficient information and belief to enable it to respond to the remaining allegations of this Paragraph and therefore denies them.

5. MTD is without sufficient information and belief to enable it to respond to the allegations of Paragraph 6 of the Complaint and therefore denies them.

6. Answering Paragraph 7 of the Complaint, MTD admits that Plaintiff's business is located in San Francisco, California. MTD is without sufficient information and belief to enable it to

respond to the remaining allegations of Paragraph 7 of the Complaint and therefore denies them.

7. Answering Paragraph 8 of the Complaint, MTD admits and alleges that in or about 1976 Michael Taylor had a pending interior design job for the movie star Jennifer Jones and that furniture Mr. Taylor designed was successfully placed in Ms. Jones' home, to much critical acclaim. MTD is without sufficient information and belief to enable it to respond to the remaining allegations of Paragraph 8 of the Complaint and therefore denies them.

8. MTD denies the allegations of the first sentence of Paragraph 9 of the Complaint, as well as any inference that Plaintiff designed the alleged "oversized wicker chair." MTD is without sufficient information and belief to enable it to respond to the other allegations of this paragraph and therefore denies them.

9. Answering Paragraph 10 of the Complaint, MTD admits that the chair alleged became known as the "Jennifer Chair." MTD is without sufficient information and belief to enable it to respond to the other allegations of this paragraph and therefore denies them.

10. MTD is without sufficient information and belief to enable it to respond to the allegations of Paragraphs 11 and 12 and therefore denies them.

11. MTD denies the allegations of the first sentence of Paragraph 13 of the Complaint. MTD is without sufficient information and belief to enable it to respond to the allegations of the second sentence of Paragraph 13 of the Complaint and therefore denies them.

12. MTD is without sufficient information and belief to enable it to respond to the allegations of Paragraph 14 of the Complaint and therefore denies them.

13. MTD is without sufficient information and belief to enable it to respond to the allegations of the first sentence of Paragraph 15 of the Complaint and therefore denies them. MTD admits and alleges that the San Francisco Museum of Modern Art has accepted the "Large Jennifer Chair" alleged by Plaintiff as part of its permanent collection, that the chair was donated by Plaintiff and that it is accurately catalogued in the San Francisco Museum of Modern Art's permanent collection as having been designed by Michael Taylor and not by Plaintiff. Attached as **Exhibit "1000"** is a copy of the San Francisco Museum of Modern Art's Internet web page catalogue for the chair, reflecting the chair's designer and donor. MTD is without sufficient information and belief to

enable it to respond to the other allegations of the second sentence of Paragraph 15 and therefore denies them.

14. MTD is without sufficient information to enable it to respond to the allegations of Paragraph 16 of the Complaint and therefore denies them.

15. MTD admits the allegations of the first sentence of Paragraph 17 of the Complaint. MTD denies the allegations of the second sentence of Paragraph 17 of the Complaint. MTD is without sufficient information and belief to enable it to respond to the allegations of the third sentence of Paragraph 17 of the Complaint and therefore denies them.

16. MTD is without sufficient information and belief to enable it to respond to the allegations of Paragraph 18 of the Complaint and therefore denies them.

17. MTD admits the allegations of the first sentence of Paragraph 19 of the Complaint but denies that an oral agreement between MTD and Plaintiff was entered into in 2006. MTD denies the allegations of the second sentence of Paragraph 19 of the Complaint.

18. Answering the first sentence of Paragraph 20 of the Complaint, MTD admits that Exhibit B to the Complaint is a genuine copy of an MTD promotional mailing, that the document speaks for itself, but denies any inference from the pled phrase "exclusivity agreement" that Plaintiff was to be the exclusive source of wicker furniture in MTD's showrooms, and denies the remaining allegations of this sentence. Answering the second sentence of Paragraph 20 of the Complaint, MTD admits that the referenced photograph includes an image of a Jennifer Chair and denies the other allegations of this sentence.

19. MTD is without sufficient information and belief to enable it to respond to the allegations of Paragraph 21 of the Complaint and therefore denies them.

20. Answering the first sentence of Paragraph 22 of the Complaint, MTD admits that on February 13, 2008, Mr. Weaver faxed a letter to Plaintiff and that Exhibit C to the Complaint is a copy of the letter, alleges that the letter speaks for itself, and otherwise denies the allegations of this sentence. MTD admits the allegations of the second and fifth sentences of Paragraph 22 of the Complaint. MTD denies the allegations of the third and fourth sentences of Paragraph 22 of the Complaint.

21. Answering Paragraph 23 of the Complaint, MTD alleges that Exhibit D to the Complaint is a copy of a letter that MTD received from Plaintiff on or about March 10, 2008, alleges that the document speaks for itself and otherwise denies the allegations of this paragraph.

22. Answering Paragraph 24 of the Complaint, MTD alleges that on March 20, 2008 it faxed the letter of which a copy is attached as Exhibit E to the Complaint, alleges that the document speaks for itself and otherwise denies the allegations of this paragraph.

23. Answering Paragraph 25 of the Complaint, MTD alleges that in March 2008, MTD removed some of Plaintiff's furniture from its Los Angeles showroom. MTD is without sufficient information and belief to enable it to respond to the remaining allegations of this paragraph and therefore denies them. MTD does not respond to the photograph below Paragraph 25 of the Complaint because Plaintiff does not allege anything about it.

24. MTD denies the allegations of Paragraph 26 of the Complaint.

25. Answering Paragraph 27 of the Complaint, MTD admits that from time to time it circulated promotional materials that included photographs of Plaintiff's furniture and admits that MTD has removed the furniture from its showroom and is no longer selling it. MTD denies the remaining allegations of this paragraph.

26. MTD admits the allegations of Paragraph 28 of the Complaint.

## IV.

## First Cause of Action

## (Violation of the Lanham Act)

27. Answering Paragraph 29 of the Complaint, MTD incorporates its responses to Paragraphs 1 through 28 of the Complaint, inclusive, by this reference.

28. MTD denies the allegations of Paragraphs 30, 31, 32, 33 and 34 of the Complaint.

29. MTD is without sufficient information and belief to enable it to respond to the allegations in the first sentence of Paragraph 35 of the Complaint and therefore denies them. However, MTD admits and alleges that for decades MTD has openly used the "Jennifer Chair" mark in connection with the marketing of chairs that Michael Taylor designed and that were not manufactured by Plaintiff (including chairs not made of wicker), all with Plaintiff's actual or implied

knowledge and consent. MTD denies the other allegations of the second sentence of Paragraph 35 of the Complaint.

30. MTD denies the allegations of Paragraphs 36, 37 and 38 of the Complaint.

**V.**

**Second Cause of Action**

**(Breach of Contract)**

31. Answering Paragraph 39 of the Complaint, MTD incorporates by this reference its responses to Paragraphs 1 through 38, inclusive, of the Complaint.

32. MTD admits the allegations of the first sentence of Paragraph 40 of the Complaint but denies that an oral agreement between MTD and Plaintiff was entered into in 2006. MTD denies the allegations of the second sentence of Paragraph 40 of the Complaint.

33. MTD denies the allegations of Paragraphs 41, 42, 43 and 44 of the Complaint.

**Affirmative Defenses**

34. As a further and separate answer and defense to the Complaint and each claim thereof, MTD alleges that the Complaint and each of cause of action thereof fails to state facts to sufficient to constitute a cause of action upon which relief can be granted.

35. As a further and separate answer and defense to the first claim for relief of the Complaint, MTD alleges that Plaintiff's right to injunctive relief is barred by the doctrine of waiver.

36. As a further and separate answer and defense to the first claim for relief of the Complaint, MTD alleges that Plaintiff's right to injunctive relief is barred by the doctrine of estoppel.

37. As a further and separate answer and defense to first claim for relief of the Complaint, MTD alleges that Plaintiff's right to injunctive relief is barred by the doctrine of laches.

38. As a further and separate answer and defense to the first claim for relief of the Complaint, MTD alleges that Plaintiff's right to injunctive relief is barred by the doctrine of unclean hands.

39. As a further and separate answer and defense to the Complaint and each claim for relief thereof, MTD alleges on information and belief that Plaintiff has unreasonably failed to

mitigate its damages (which damages otherwise are expressly denied) and, to that extent, Plaintiff is barred from recovery against MTD.

40. As a further and separate answer and defense to the Complaint and each claim for relief thereof, MTD alleges on information and belief that Defendant has fully or partially mitigated any damages as alleged in the Complaint (which damages otherwise are expressly denied) and, to that extent, Plaintiff is barred from recovery against MTD.

41. As a further and separate answer and defense to the first claim for relief of the Complaint, MTD alleges the design elements alleged in the Complaint are functional and therefore not protected by the Lanham Act.

42. As a further and separate answer and defense to the first claim for relief of the Complaint, MTD alleges that the design elements and furniture for which trade dress protection is sought are not distinctive and therefore not protected by the Lanham Act.

43. As a further and separate answer and defense to the first claim for relief of the Complaint, MTD alleges that even if any of the design elements or furniture for which protection under the Lanham Act is sought are deemed to be distinctive, they have not acquired "secondary meaning" inuring to the benefit of Plaintiff. Rather, if and to the extent such "secondary meaning" exists in the relevant public mind, the secondary meaning that it has acquired inures to the benefit of MTD.

44. As a further and separate answer and defense to the first claim for relief of the Complaint, MTD alleges that the trade dress alleged in the Complaint consists in whole or in part of mere ornamentation that does not signify a particular source of origin and therefore is not protected by the Lanham Act.

45. As a further and separate answer and defense to the first claim for relief of the Complaint, MTD alleges that the trade dress alleged in the Complaint consists in whole or in part of items that are merely aesthetically functional that do not signify a particular source of origin and therefore is not protected by the Lanham Act.

46. As a further and separate answer and defense to the first claim for relief of the Complaint, MTD alleges that the trade dress and mark alleged in the Complaint are not being used as

as source identifiers.

47. As a further and separate answer and defense to the first claim for relief of the Complaint, MTD alleges that the trade dress alleged in the Complaint is not sufficiently strong or famous to be capable of dilution.

48. As a further and separate answer and defense to the first claim for relief of the Complaint, MTD alleges that Plaintiff is not the owner of the trade dress alleged in the Complaint.

49. As a further and separate answer and defense to the first claim for relief of the Complaint, MTD alleges that Plaintiff has abandoned any rights in the trade dress alleged in the Complaint.

50. As a further and separate answer and defense to the first claim for relief of the Complaint, MTD alleges that Plaintiff has entered into or permitted a naked license of its trade dress or otherwise allowed it to be used by others.

51. As a further and separate answer and defense to the first claim for relief of the Complaint, MTD alleges that the trade dress alleged in the Complaint is being used to unfairly compete with or harass competitor MTD.

52. As a further and separate answer and defense to the first claim for relief of the Complaint, MTD alleges that there is no likelihood of confusion between the parties' respective trade dresses.

53. As a further and separate answer and defense to the first claim for relief of the Complaint, MTD alleges that the trade dress alleged in the Complaint infringes in whole or in part on the trade dress rights of MTD or of others.

54. As a further and separate answer and defense to the first claim for relief of the Complaint, MTD alleges that Plaintiff has consented to or otherwise acquiesced to MTD's use of the trade dress or otherwise is estopped from asserting any infringement of any trade dress rights as alleged in the Complaint (which rights otherwise are expressly denied).

55. As a further and separate answer and defense to the first claim for relief of the Complaint, MTD alleges that its use of the trade dress alleged in the Complaint is and at all relevant times has been in good faith and without any intent to infringe.

56. As a further and separate answer and defense to the first claim for relief of the Complaint, MTD alleges that the "Jennifer Chair" mark is in common use by one or more third parties unrelated to Plaintiff.

57. As a further and separate answer and defense to the first claim for relief of the Complaint, MTD alleges that the trade dress items alleged in the Complaint are generic, in whole or in part, relative to the products with which the items are being used.

58. As a further and separate answer and defense to the first claim for relief of the Complaint, MTD alleges that the trade dress items alleged in the Complaint, in whole or in part, do not serve as source identifiers or are weak because of inconsistent usage by Plaintiff.

59. As a further and separate answer and defense to the first claim for relief of the Complaint, MTD alleges on information and belief that Plaintiff has failed to conduct a survey necessary to demonstrate either the likelihood of confusion or actual confusion.

60. As a further and separate answer and defense to the first claim for relief of the Complaint, MTD alleges that Plaintiff cannot recover damages or profits because there is no actual confusion or likelihood of confusion in the public mind.

61. As a further and separate answer and defense to the first claim for relief of the Complaint, MTD alleges that Plaintiff cannot obtain an injunction because the conduct alleged in the Complaint is not occurring.

62. As a further and separate answer and defense to the first claim for relief of the Complaint, MTD alleges that Plaintiff has failed to sufficiently identify and describe with legal adequacy the specific trade dress for which protection is sought.

63. As a further and separate answer and defense to the second claim for relief of the Complaint, MTD alleges that there was a failure of consideration for the contract alleged in the Complaint.

64. As a further and separate answer and defense to the second claim for relief of the Complaint, MTD alleges that the terms of the contract alleged in the Complaint are unconscionable in whole or in part and, to that extent, are unenforceable.

65. As a further and separate answer and defense to the second claim for relief of the

Complaint, MTD alleges that (i) the furniture orders listed in Exhibit E to the Complaint were placed by MTD's customers prior to the termination of the contract alleged in the Complaint, (ii) Plaintiff has not yet filled the orders, (iii) MTD is entitled to a 25% commission on the purchase prices for those orders, and to a setoff in the amount of the commission against any damages which may be awarded to Plaintiff (whose entitlement to damages MTD otherwise expressly denies).

WHEREFORE, MTD prays:

1. That Plaintiff take nothing by her Complaint;

2. For costs of suit, including reasonable attorneys' fees as may be allowed by case or statutory law or by agreement of the parties;

3. For reasonable attorneys' fees as may be allowed by statutory law or common law; and

4. For such other and further relief as the Court may deem just.

## COUNTERCLAIM

### First Claim for Relief

### Declaratory Judgment Against All Defendants

1. Counterclaimant Michael Taylor Designs, Inc. ("MTD") is a corporation organized and existing under the laws of the State of California, with its principal place of business in the County of San Francisco and the Northern District of California. MTD is the Defendant in this lawsuit.

2. Counterdefendant Ivy Rosequist ("Rosequist") is an individual doing business under the fictitious business name: "Wicker-Wicker-Wicker." MTD is informed and believes and thereon alleges that Rosequist resides in and maintains her principal place of business in the County of San Francisco and the Northern District of California. Rosequist is the Plaintiff in this lawsuit.

3. This Court has jurisdiction over MTD's claim pursuant to 28 U.S.C. §1367(a) because MTD's claim is so related to Rosequist's claims as pled in this lawsuit (over which this Court has original jurisdiction) that it forms part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because Rosequist

resides in this district.

5. This action is appropriately assigned to this Court pursuant to Local Rule 3-2(c) because a substantial part of the events or omissions which give rise to MTD's claim occurred in this district.

6. On March 27, 2008 Rosequist filed the Complaint in this lawsuit against MTD. The Complaint alleges that in 1976, Rosequist designed a wicker chair that later became known as the known as the "Jennifer Chair." The Jennifer Chair is depicted in a photograph immediately below Paragraph 10 of Rosequist's Complaint.

7. In her Complaint, Rosequist asserts exclusive trade dress rights to the wicker Jennifer Chair, to certain design items embodied in the Jennifer Chair and to the "Jennifer Chair" mark. Rosequist seeks an injunction prohibiting MTD from "displaying, promoting, selling or offering for sale any wicker furniture (a) copied from Plaintiff's established furniture designs; (b) attributed to the design work by Michael Taylor; (c) designed in any way as part of the Jennifer collection; or (d) likely to cause confusion to customers."

8. In truth, the Jennifer Chair was designed by Michael Taylor -- and **not** by Rosequist. Since the chair was first designed and sold, all rights appurtenant to its design and to the "Jennifer Chair" mark originally belonged to its designer, Michael Taylor and later, after MTD was formed, to and by MTD. Rosequist has acknowledged these facts for many years. Attached as **Exhibit "1000"** is a copy of the San Francisco Museum of Modern Art's Internet web page catalog, reflecting the wicker Jennifer Chair that is a part of the museum's collection. The web page accurately reflects that the chair was donated by Rosequist, and that the chair was designed by Michael Taylor, and not by Rosequist.

9. Attached as **Exhibit "1001"** is a copy of the San Francisco Museum of Modern Art's Internet web page catalog for a non-wicker Jennifer Chair. The web page accurately reflects that the non-wicker Jennifer Chair also was designed by Michael Taylor, and not by Rosequist.

10. An actual controversy has arisen and now exists between Rosequist and MTD in that (i) Rosequist contends that she designed the Jennifer Chair and is entitled to all trademark and trade dress rights appurtenant to the chair's design and to the "Jennifer Chair" mark as it pertains to

wicker furniture: whereas (ii) MTD contends that Michael Taylor and not Rosequist designed the Jennifer Chair, and that for many years MTD has openly marketed and sold wicker and non-wicker Jennifer Chairs (including Jennifer Chairs not made by Rosequist) to the public using the "Jennifer Chair" mark, all with Rosequist's actual or implied knowledge and consent. MTD therefore contends that any legally available trade dress, trademark and other relevant intellectual property protection for the Jennifer Chair and the "Jennifer Chair" mark is property of MTD, not Rosequist.

11. MTD desires and is entitled to a declaratory judgment confirming that Michael Taylor and not Rosequist designed the Jennifer Chair and that MTD is entitled to all trademark and trade dress rights appurtenant to the chair's design and to the "Jennifer Chair" mark. The judgment is necessary and appropriate at this time so that the parties' respective rights to this intellectual property may be fully ascertained and determined.

WHEREFORE, MTD prays:

1. For a declaratory judgment confirming that Michael Taylor and not Rosequist designed the Jennifer Chair and that MTD is entitled to all trademark and trade dress rights appurtenant to the chair's design and to the "Jennifer Chair" mark.

2. For costs of suit, including reasonable attorneys' fees as may be allowed by case or statutory law or by agreement of the parties; and

3. For such other and further relief as the Court may deem just.

Dated: April 11, 2008

**GAUNTLETT & ASSOCIATES**

By: /s/ Andrew M. Sussman
David A. Gauntlett
James A. Lowe
Andrew M. Sussman

Attorneys for Defendant and Counterclaimant
Michael Taylor Designs, Inc.

**DEMAND FOR TRIAL BY JURY**

Defendant and Counterclaimant Michael Taylor Designs, Inc. demands a trial by jury of this lawsuit.

Dated: April 11, 2008

**GAUNTLETT & ASSOCIATES**

By: /s/ Andrew M. Sussman
David A. Gauntlett
James A. Lowe
Andrew M. Sussman

Attorneys for Defendant and Counterclaimant Michael Taylor Designs, Inc.

# EXHIBIT 1000

SFMOMA

TO COLLECTIONS MAIN

SEARCH COLLECTIONS

All Collections

SEARCH

FIND ARTISTS BY NAME

A B C D E F G H I J K L M N
O P Q R S T U V W X Y Z #

< Back

Result 1 of 2

Next > Last >>



**Michael Taylor**
American
(1927 - 1986)

***Jennifer Chair***
furniture |
wicker, cloth
27 1/4 in. x 62 1/4 in. x 53 in.
(69.22 cm x 158.12 cm x 134.62 cm)
Collection SFMOMA
Gift of Ivy Rosequist
93.53.A-E

View other works by Michael Taylor.

This resource represents a portion of SFMOMA's collection. Information about the artworks presented here is subject to revision. Please contact us to verify information. If you are planning to visit SFMOMA, please note that not all artworks are on view at all times.

This resource is for educational use and its contents may not be reproduced without permission. Please review our Terms of Use for more information.

SFMOMA

Copyright © 2006 San Francisco Museum of Modern Art Privacy Policy Terms of Use



# EXHIBIT 1001

SFMOMA

TO COLLECTIONS MAIN

SEARCH COLLECTIONS



All Collections

SEARCH

FIND ARTISTS BY NAME

A B C D E F G H I J K L M N
O P Q R S T U V W X Y Z #

< Back

Result 1 of 1



**Michael Taylor**
American
(1927 - 1986)

***Jennifer Chair***
furniture |
hydrastone and cloth
26 in. x 66 in. x 47 in. (66.04 cm x 167.64 cm x 119.38 cm)
Collection SFMOMA
Gift of Paul J. Weaver
93.263.A-E

View other works by Michael Taylor.

This resource represents a portion of SFMOMA's collection. Information about the artworks presented here is subject to revision. Please contact us to verify information. If you are planning to visit SFMOMA, please note that not all artworks are on view at all times.

This resource is for educational use and its contents may not be reproduced without permission. Please review our Terms of Use for more information.

SFMOMA Copyright © 2006 San Francisco Museum of Modern Art Privacy Policy Terms of Use

