Douglas A. Applegate (SBN 142000)
George M. Lee (SBN 172982)
**SEILER EPSTEIN ZIEGLER & APPLEGATE LLP**
101 Montgomery Street, 27th Floor
San Francisco, California 94104
Phone: (415) 979-0500
Fax:     (415) 979-0511

Attorneys for Plaintiff
Ivy Rosequist, individually and dba
Wicker-Wicker-Wicker

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVY ROSEQUIST, individually and doing business as WICKER-WICKER-WICKER<br><br>Plaintiff<br><br>vs.<br><br>MICHAEL TAYLOR DESIGNS, INC., a California Corporation<br><br>Defendant | Case No.: CV 08-1588 SBA<br><br>**NOTICE OF MOTION AND MOTION FOR SUBSTITUTION OF WILLIAM GIFFEN AS PLAINTIFF AND SUPPORTING MEMORANDUM**<br><br>**[FRCP 25(a)(1)]**<br><br>Date:   October 7, 2008<br>Time:  1:00 p.m.<br>Ctrm:  Three, 3rd Floor<br>Judge: Hon. Saundra B. Armstrong |
| AND RELATED COUNTER-CLAIMS | |

<u>NOTICE OF MOTION AND MOTION</u>

TO THE COURT AND ATTORNEYS OF RECORD:

  PLEASE TAKE NOTICE that on October 7, 2008 at 1:00 pm in Courtroom 3 of the Oakland Division of the above-entitled court, located at 1301 Clay Street, Suite 400 S, Oakland, CA 94612, William Giffen will move this court pursuant to Federal Rule of Civil Procedure 25(a)(1) for an order allowing the action to be continued by William Giffen, individually; as Trustee; or as the executor for Ivy Rosequist's estate.  The motion will be made on the ground that Ivy Rosequist, the plaintiff in the above-entitled action, has died and on the ground that

1

William Giffen is the proper party as either the sole trustee of the Ivy Rosequist Trust, the sole beneficiary and distributee of the trust, or as the personal representative of Ivy Rosequist's estate. The motion will be based on this notice of motion, on the attached memorandum of points and authorities, the declaration of William Giffen, and all the papers and pleadings on file in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  Relevant Facts

Plaintiff Ivadale V. Rosequist ("Ivy Rosequist") commenced this action, individually and doing business as Wicker-Wicker-Wicker on March 24, 2008 by filing the original complaint in this action. On May 29, 2008, plaintiff Ivy Rosequist died while residing in San Mateo County. (Giffen decl. ¶ 3). Upon Ms. Rosequist's death, William Giffen became the sole trustee of the Trust created by the Ivy Rosequist Trust Agreement dated November 13, 2006, by Ivadale V. Rosequist as Trustor. William Giffen is also the sole beneficiary of the Trust pursuant to Article IV, Section D of the Trust. (Giffen decl., Exhibit B). Thus, he would qualify as the successor in interest both as trustee and in an individual capacity as the sole beneficiary of the trust property given that the time for distribution of the trust property passed 60 days after Ms. Rosequist's death. (Giffen decl. ¶ 9).

The Transfer of Assets attached as Schedule A to the Trust Agreement contains a provision in which Ivy Rosequist grants, transfers and conveys to the Trustee of the Ivy Rosequist Trust ("Trust"), all of her right, title and interest in and to … "all other real and personal property that I own now or acquire later during my lifetime…". (*See* Ivy Rosequist Trust, Giffen decl., Exhibit B). Unfortunately, defendant Michael Taylor Designs, Inc. has disputed the interpretation or validity of the transfer clause in the trust instrument, and thus questions whether the decedent's furniture design business and the associated intellectual property rights that are the subject of this action are included within that provision as Ivy Rosequist's personal property.

However, regardless of whether or not the assets are determined to be property of the trust or property of Ms. Rosequist's estate, Mr. Giffen is still the decedent's successor in interest

2

MOTION FOR SUBSTITUTION OF PARTY

and has succeeded to the decedent's interest in this action. (Giffen decl. ¶ 6). For William Giffen is also the appointed executor of Ivy Rosequist's will. As the executor or personal representative of the decedent's estate, Mr. Giffen is a proper party for substitution if it is determined that the assets were not included in the trust. Moreover, since the pour over will bequests her entire estate to the Trustee of the Ivy Rosequist Trust, William Giffen as trustee is also the sole beneficiary of Ivadale V. Rosequist's estate. (Giffen decl. ¶ 10).

On August 28, 2008, William Giffen filed a petition in the San Mateo Superior Court Probate Division for a declaration as to whether the assets were in fact included within the Ivy Rosequist Trust.

## II.    Analysis

### A. William Giffen is the proper party for substitution

If a plaintiff dies during the course of a lawsuit, the court may allow the action to be continued by the plaintiff's representative or successor in interest. Fed. R. Civ. P. 25(a)(1). Ordinarily, the deceased's legal representative (e.g., executor or administrator) is the "proper party" to be substituted. However, once the estate has been distributed, the distributees are also "proper parties" for substitution under Rule 25(a)(1). *McSurely v. McClellan*, 753 Fed.2d 88, 98 (D.C. Cir. 1985); *Sinito v. United States Dept. of Justice*, 176 Fed.3d 512, 516 (D.C. Cir. 1999). And when probate is avoided through the use of a trust instrument, then the successor trustee is also a proper successor in interest.

#### i. William Giffen is the proper party as Trustee of the Trust

We believe that the transfer clause in the Ivy Rosequist Trust was plainly intended to encompass *all* of Ms. Rosequist's assets, including her furniture business and its intellectual property rights. And we believe that the validity of the trust for this purpose will quickly be affirmed by the San Mateo Probate Court. If we are correct, then Mr. Giffen is clearly the property successor for substitution under Rule 25. For when probate is avoided through the use of a trust instrument, then the successor trustee is the proper successor in interest. *Thurston v. Brown*, 44 S.Ct. 134 (1923); *Bracken v. Harris & Zide, L.L.P.*, 219 F.R.D. 481, 485

MOTION FOR SUBSTITUTION OF PARTY

(N.D. Cal. 2004).

### ii. William Giffen is the proper party individually as the sole distributee

Moreover, if we are correct in our belief that Ms. Rosequist's furniture business and its intellectual property rights were assets of the Trust then Mr. Giffen, individually, is also the property successor as the sole distributee of the Trust assets. In addition to being the trustee, Mr. Giffen also became the sole beneficiary of the trust assets having survived the Trustor (Ms. Rosequist) by sixty days. (See Giffen decl., Exhibit B at Art. IV(D) and (G).) Thus, the entire trust estate, including the furniture business and intellectual property rights that are the subject of this lawsuit, can be distributed to Mr. Giffen in his individual capacity.

### iii. William Giffen is the proper party as the personal representative

In the event it is determined that the assets were not included in the trust, Mr. Giffen is undoubtedly still the proper party for substitution as the appointed executor or personal representative of Ms. Rosequist's last will and testament. (Giffen decl., Exhibit C.) Moreover, since the pour over will bequests her entire estate to the trustee of the Ivy Rosequist Trust, William Giffen as trustee is also the sole beneficiary of Ivadale V. Rosequist's estate. Probating the will instead of distributing the property pursuant to the Trust will not in anyway change the end result. Anyway you slice it, William Giffen is the proper party for substitution.

### B. William Giffen has standing as the proper party

Ivy Rosequist commenced this action in her individual capacity rather than as trustee of the Ivy Rosequist Trust. Since we believe that the transfer clause in the Ivy Rosequist Trust was plainly intended to encompass Ms. Rosequist's furniture business and its intellectual property rights she theoretically could have also brought this action in her capacity as trustee. However, it is established that "where the same persons are both the trustees and the beneficiaries of a trust, they may sue in their own name without mentioning the trust." *Hassoldt v. Patrick Media Group, Inc.* (2000) 84 Cal.4th 153, 170; *In re Heritage Bond Litigation*, 2004 WL 1638201 (C.D.Cal.).

It is clear that up until her death Ms. Rosequist wore all three hats. She was trustor, trustee, and beneficiary of her own revocable trust. Defendant Michael Taylor Designs, Inc. has

4

MOTION FOR SUBSTITUTION OF PARTY

SEILER EPSTEIN ZIEGLER & APPLEGATE LLP
Attorneys at Law

contended that Ms. Rosequist was the trustor and trustee, but not the not beneficiary of her own trust. But Michael Taylor Designs, Inc. is simply wrong. As the trustor and sole trustee of her own *revocable* trust, Ms. Rosequist was by definition also the sole beneficiary of the trust up until her death. Also, the trust instrument itself explicitly granted to Ms. Rosequist, during her lifetime, all benefits of the trust, including access to all trust income and principal. (Giffen decl., Exhibit B at Artivle IV(A).) Without doubt, Ms. Rosequist was the beneficiary of her own trust, and thus fully authorized to file this lawsuit in her own name.

Again, whether Ms. Rosequist initially brought this lawsuit in her own name or as trustee does not in anyway change the end result. Either way, Mr. Giffen is the proper party for substitution under Rule 25.

### C. In the alternative good cause exists to extent the time for substitution

Based on the foregoing, we believe that William Giffen should be substituted as the decedent's successor in interest regardless of whether the subject property is determined to be part of Ivy Rosequist's trust or her estate. However, in the event this Court needs to first determine which hat Mr. Giffen actually wears with regards to the assets (distributee, trustee or personal representative) then good cause exists to extent the time for substitution pursuant to Federal Rule of Civil Procedure 6(b)(1). In that event, the time for substitution should be extended pending a determination by the San Mateo Probate Court as to whether the subject assets were in fact included within the Ivy Rosequist Trust. At that time Mr. Giffen could be substituted for the plaintiff as either the personal representative or the trustee/distributee.

### III. Conclusion

For the foregoing reasons, William Giffen should be substituted for plaintiff in this matter as the decedent's successor in interest.

DATED: August 29, 2008     SEILER EPSTEIN ZIEGLER & APPLEGATE LLP

By: _____/s/_____
    Douglas A. Applegate

Attorneys for plaintiff Ivy Rosequist
individually and dba Wicker-Wicker-Wicker

5

MOTION FOR SUBSTITUTION OF PARTY